UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RUBEN HARUTYUNYAN, ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-41 |
| ANDY LOVE, ET AL., Defendants | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants Andy Love, Pearl Denise Love, and National General Insurance Company.[1] Plaintiffs oppose the motion.[2] For the following reasons, the motion is **DENIED.**

## BACKGROUND

This case arises from a motor vehicle accident that occurred on November 24, 2017, in Jefferson Parish, Louisiana.[3] Defendants argue the Court should grant summary judgment in their favor because Plaintiffs' claims are prescribed.[4]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "An issue is material if its resolution could affect the outcome of the action."[6] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[1] R. Doc. 60.
[2] R. Doc. 69.
[3] R. Doc. 60-1 ¶ 1; R. Doc. 69-2 ¶ 1.
[4] R. Doc. 60-2, at 2–3.
[5] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[6] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

1

the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party.[8] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[9]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[10] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[11]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[12] When proceeding under the first option, if the

---

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[8] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[9] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[10] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[11] *Celotex*, 477 U.S. at 322–24.
[12] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[13] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[14] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[15]

If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[16] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[17]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the

---

to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[13] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[14] *Celotex*, 477 U.S. at 332–33.
[15] *Id.*
[16] *Id.* at 332–33, 333 n.3.
[17] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[18]

## FACTS

The following facts are undisputed. On November 24, 2017, Plaintiffs were involved in a car accident with Defendants Andy Love and Pearl Denise Love in Jefferson Parish, Louisiana.[19] Plaintiffs filed their original complaint for damages against Defendants Andy Love and Pearl Denise Love in the United States District Court for the Central District of California (California District Court) on November 10, 2018.[20] Plaintiffs reside in Los Angeles County, California, and Defendants Andy Love and Pearl Denise Love reside in Jefferson Parish, Louisiana.[21]

On November 22, 2018, the California District Court ordered Plaintiffs to show cause why their lawsuit should not be transferred to Louisiana.[22] Ultimately, on December 27, 2018, the California District Court ordered the action be transferred to the Eastern District of Louisiana.[23] The action was transferred to this district on January 7, 2019.[24] Plaintiffs added National General Insurance Company as a Defendant on February 1, 2019.[25] Plaintiffs did not serve any of the Defendants before November 24,

---

[18] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).
[19] R. Doc. 60-1 ¶ 1; R. Doc. 69-2 ¶ 1.
[20] R. Doc. 60-1 ¶ 1, 2; R. Doc. 69-2 ¶ 1, 2.
[21] R. Doc. 60-1 ¶ 1; R. Doc. 69-2 ¶ 1.
[22] R. Doc. 16; R. Doc. 60-1 ¶ 3; R. Doc. 69-2 ¶ 3.
[23] R. Doc. 18; *see also* R. Doc. 60-1 ¶ 4; R. Doc. 69-2 ¶ 4. Although the parties disagree about the month, it seems Defendants simply listed the incorrect month in their Statement of Uncontested Facts. The supporting document they cite, R. Doc. 18, makes clear the court ordered the transfer on December 27, 2018.
[24] R. Doc. 60-1 ¶ 5; R. Doc. 69-2 ¶ 5.
[25] R. Doc. 60-1 ¶ 6; R. Doc. 69-2 ¶ 6.

2018.²⁶ There are no disputed issues of material fact.²⁷ As a result, the only question is whether Defendants, as movants, have shown they are entitled to judgment as a matter of law.

## LAW AND ANALYSIS

Louisiana Civil Code article 3492 provides a delictual action, such as the action in this case, is subject to a one-year prescriptive period.²⁸ All parties agree the prescriptive period for Plaintiffs' claim, if uninterrupted, would have lapsed on November 24, 2018, one year after the date of the car accident. According to Louisiana Civil Code article 3462, Plaintiffs could interrupt that prescriptive period only by (1) commencing suit in a court of competent jurisdiction and proper venue, or (2) serving a defendant within the prescriptive period after commencement of suit in a court without jurisdiction or venue.²⁹

Defendants argue Plaintiffs' claim is prescribed under Louisiana law because Plaintiffs neither filed suit in a court of proper venue nor served a defendant before Louisiana's one-year prescriptive period ran.³⁰ Because Plaintiffs' claim is not prescribed on its face, Defendants' have the burden of showing Plaintiffs' claim is prescribed.³¹

## I. The California District Court's Transfer of Plaintiffs' Case

On December 27, 2018, the California District Court ordered this action be transferred to the Eastern District of Louisiana, a court with venue, rather than be dismissed.³² In ordering the transfer, the court stated:

---

²⁶ R. Doc. 60-1 ¶ 7; R. Doc. 69-2 ¶ 7.
²⁷ *See* R. Doc. 60-1; R. Doc. 69-2.
²⁸ LA. CIV. CODE art. 3492.
²⁹ *Id.* art. 3462.
³⁰ R. Doc. 60-2, at 2–3.
³¹ *Younger v. Marshall Ind., Inc.*, 618 So.2d 866 (La. 1993).
³² R. Doc. 18, at 2 ("Plaintiffs' Complaint indicates that all Defendants reside in the Eastern District of Louisiana, making that district the only proper venue under section 1391(b)(1). Similarly, all the events alleged in the Complaint giving rise to the cause of action—the car crash—took place there, making that

> As Plaintiffs note, the one-year statute of limitations related to their claim expired on November 24, 2018. . . . [F]orcing them to file anew in Louisiana would effectively foreclose their claim. . . . Courts may take into consideration the applicable statute of limitations when deciding whether to dismiss or transfer a case . . . . The Court determines, therefore, that justice requires the Court to transfer the case to the Eastern District of Louisiana rather than dismiss it.[33]

It is clear the California District Court considered the interests of justice and ordered this case be transferred, rather than dismissed, to avoid termination of the action based on prescription.[34] Although the California District Court referenced transfer under 28 U.S.C. § 1406,[35] the question before the Court is whether 28 U.S.C. § 1631 also applies and provides the rule for determining whether this action has prescribed.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Under § 1406, a case may be transferred to a district in which it could have been brought, rather than dismissed, if the transferor court is the wrong venue and the interests of justice so require, even if the transferor court lacks jurisdiction.[36]

28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or

---

district the only proper venue under section 1391(b)(2). Because the Eastern District of Louisiana would be proper under either section 1391(b)(1) or 1391(b)(2), section 1391(b)(3) does not apply.").
[33] *Id.* (internal citations omitted).
[34] *Id.*; *Kenny v. Prisoner Transp. Servs., LLC*, No. 3:19-CV-00416, 2019 WL 3202165, at *4 (M.D. Pa. July 16, 2019) ("Avoiding statute of limitations issues is one reason courts may transfer a case, rather than dismiss it." (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962) ("Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake . . . ."))).
[35] R. Doc. 18, at 2.
[36] *Goldlawr,* 369 U.S. at 463 (1962) (holding that even a court lacking personal jurisdiction over a defendant could transfer a case under 28 U.S.C. § 1406(a) in lieu of dismissing the action).

appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Under § 1631, when the court finds "a want of jurisdiction,"[37] a case may be transferred to a court in which the action could have been brought, rather than dismissed, if the interests of justice so require. In that event, the action shall proceed "as if it had been filed" in the transferee court on the date upon which it was actually filed in the transferor court. "A case is 'transferable' [pursuant to § 1631] when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice."[38]

The Court must determine whether the portion of § 1631 supplying the date on which an action shall be considered filed in a transferee court applies such that this action shall proceed as if it had been filed in this Court on November 10, 2018.[39] In this case, it

---

[37] Which has been interpreted to include lack of venue. *Rodriguez-Roman v. I.N.S.*, 98 F.3d 416, 424 (9th Cir. 1996) (quoting *Dornbusch v. C.I.R.*, 860 F.2d 611, 612 (5th Cir. 1988)).

[38] *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (alteration in original) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008)).

[39] Furthermore, even though the California District Court referred to § 1406, this Court will use its "power to revisit prior decisions of its own or of a coordinate court in any circumstance," as well as the authority granted in Federal Rule of Civil Procedure 54(b) to revise prior non-final orders, to construe the California District Court's transfer as occurring pursuant to § 1631. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (approving the Federal Circuit's decision to revisit a prior jurisdictional determination made by a coordinate court, the Seventh Circuit, which had previously transferred the case to the Federal Circuit); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"); *see also Ross v. Colorado Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) ("In the instant case, the New York district court . . . correctly recognized that the District of Colorado was the proper district in which the action originally could have been commenced pursuant to 28 U.S.C. § 1391(b) (1982). It transferred the action pursuant to § 1406(a) . . . . The correct course, however, since the enactment on October 1, 1982 of § 1631 was to transfer the action pursuant to that section."); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223–24 (3rd Cir. 2016) ("[P]laintiffs asked the Delaware District Court to transfer their claims against Chiquita to the New Jersey District Court if it concluded that personal jurisdiction was lacking. The Delaware District Court refused. Following the plaintiffs' lead, it focused on the federal statute governing transfer of venue, 28 U.S.C. § 1406(a) . . . . We disagree. In the first place, the statutory

is clear to the Court the interests of justice require a transfer and the case could have been brought in this Court. It is less clear, however, whether the California District Court transferred this case based on a "want of jurisdiction" as § 1631 requires. Courts have debated whether the phrase "want of jurisdiction," as it is used in § 1631, refers only to subject matter jurisdiction or also includes lack of personal jurisdiction or, as in this case, venue.

The California District Court that transferred this case sits in the Ninth Circuit and, as a result, the Ninth Circuit's interpretation of §1631 controls with respect to the transfer.[40] The Ninth Circuit has determined the word "jurisdiction" in § 1631 is to be interpreted broadly and has applied § 1631 to cases in which either personal or subject matter jurisdiction is lacking or in which venue is improper. For example, in *Gray & Co. v. Firstenberg Machinery Co.*, the Ninth Circuit directed a district court lacking personal jurisdiction over a defendant to transfer the case pursuant to § 1631 if the interest of justice required.[41] In *Rodriguez-Roman v. I.N.S.*, the Ninth Circuit held, "[F]or purposes of [§ 1631], a court lacks jurisdiction if venue does not lie. A contrary construction would undermine the statutory purpose of eliminating 'the risk of filing in the wrong court.'"[42] Finally, in *Trejo-Mejia v. Holder*, the Ninth Circuit held "we lack jurisdiction for purposes of [§ 1631] because venue does not lie."[43] Accordingly, the application of § 1631 to the

---

provision applicable in these circumstances is arguably not 28 U.S.C. § 1406(a), but rather 28 U.S.C. § 1631, which governs transfer when there is 'a want of jurisdiction.'").
[40] *See Brisbin v. United States*, 629 F. App'x 1000, 1005 (Fed. Cir. 2015) (applying Ninth Circuit precedent to determine if the District Court for the Eastern District of California was correct in dismissing a case rather than transferring it to the Court of Federal Claims under § 1631).
[41] 913 F.2d 758, 761-62 (9th Cir. 1990).
[42] 98 F.3d 416, 424 (9th Cir. 1996) (quoting *Dornbusch v. C.I.R.*, 860 F.2d 611, 612 (5th Cir. 1988)).
[43] 593 F.3d 913, 915 (9th Cir. 2010).

transfer of Plaintiffs' case based on improper venue is proper under Ninth Circuit precedent.⁴⁴

The Ninth Circuit is not alone in its interpretation. The First, Third, Sixth, Eighth, Ninth, and Tenth Circuits have broadly interpreted the text of § 1631 and permitted transfers based on a lack of personal jurisdiction as well as subject-matter jurisdiction.⁴⁵ The Tenth Circuit has explicitly held the phrase "want of jurisdiction" authorizes transfer in cases in which venue is improper, regardless of whether personal or subject matter jurisdiction lies.⁴⁶

The Fifth Circuit has not decided this issue. In *Bentz v. Recile* the court specifically reserved the question of whether § 1631 authorizes transfers based on lack of personal jurisdiction.⁴⁷ In *Phillips v. Illinois Central Gulf Railroad* the Fifth Circuit considered the application of § 1631 to a transfer based on a lack personal jurisdiction but declined to decide the matter because not even § 1631 would save the plaintiff's time-barred claim since he initially filed suit in Texas after the prescriptive period in Louisiana ran.⁴⁸

---

⁴⁴ The California District Court also likely had grounds to transfer Plaintiffs' case based on lack of personal jurisdiction, which would be yet another basis for applying § 1631 in this case. *See* R. Doc. 16, at 2 (requesting information from the parties regarding their contacts and connections to the Eastern District of Louisiana and the Central District of California).
⁴⁵ *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 119 (1st Cir. 2014), *abrogated on other grounds by*, *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017) ("§ 1631 permits transfer where personal jurisdiction is lacking . . . ."); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3rd Cir. 2002) ("The Puerto Rico District Court had authority, if it found that it lacked *in personam* jurisdiction, to transfer plaintiffs' first action to the District Court of the Virgin Islands. *See* 28 U.S.C. § 1631."); *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (holding § 1631 "applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction"); *Johnson v. Woodcock*, 444 F.3d 953, 954 (8th Cir. 2006) (holding the district court "was empowered by 28 U.S.C. § 1631 to transfer the action to another court to cure the lack of [personal] jurisdiction"); *Gray & Co. v. Firstenberg Machinery Co.* 913 F.2d 758, 761-62 (9th Cir. 1990); *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (holding § 1631 is the proper vehicle for a transfer due to want of personal jurisdiction).
⁴⁶ *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").
⁴⁷ 778 F.2d 1026, 1027 n.5 (5th Cir. 1985).
⁴⁸ 874 F.2d 984, 988 (5th Cir. 1989) ("The curative effects of §§ 1404(a), 1406(a) and 1631 were intended to apply only in those circumstances where the action would have been timely filed in the transferee court

Although the Fifth Circuit has not squarely addressed this issue, it appears to this Court the Fifth Circuit would agree that § 1631 authorizes transfers based on lack of subject matter jurisdiction, personal jurisdiction, or improper venue.[49] In *Dornbusch v. C.I.R.*, the Fifth Circuit held it could transfer the appeal before it based on improper venue and noted "it is not beyond the realm of possibility that Congress used 'jurisdiction' in section 1631 in a broad, general, nontechnical sense rather than in the more constricted, specific sense in which jurisdiction is distinguished from venue."[50]

The legislative history of § 1631 supports this broad interpretation adopted by the Ninth and most other circuits. At the time § 1631 was before Congress, the members made clear the purpose of § 1631 was "to enhance citizen access to justice" and ensure a litigant is not left "without a remedy because of a lawyer's error or a technicality of procedure."[51] A decision finding § 1631 applies only to cases in which subject matter jurisdiction is lacking would run contrary to this intent.

Sections 1631 and 1406 are not contradictory or mutually exclusive. In a case in which both § 1406 and § 1631 apply, the only substantive difference between transfers for lack of venue under either statute is that § 1631 supplies the rule that the action shall proceed as if it had been initially filed in the transferee court. The Tenth Circuit has "directed that, after the enactment of § 1631, where the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course . . . [is] to transfer the action pursuant to [§ 1631].'"[52] The statutory

---

at the time of filing in the transferor court. In this case the plaintiff filed in Texas after the prescriptive period had expired in Louisiana.").
[49] *But see Adams v. Unione Mediterranea Di Sicurta*, No. CIV. A. 94-1954, 2001 WL 823733, at *4 (E.D. La. July 19, 2001).
[50] 860 F.2d 611, 612 (5th Cir. 1988).
[51] *See* S. REP. NO. 97-275, at 1, 11 (1981).
[52] *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (alteration in original); *see also United States v. Foy*, 803 F.3d 128, 143 (3rd Cir. 2015) ("[T]he statutory language of § 1631 is compulsory and requires

language of § 1631 is compulsory in that it states the court "*shall . . .* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."[53] The Court finds § 1631 applies to the transfer of Plaintiffs' case to this Court based on improper venue, and the Court is compelled to view the action as if it had been initially filed in this Court on November 10, 2018.

## II. Plaintiffs' Claims Are Not Prescribed Under § 1631 and Louisiana Law

Defendants have the burden of showing Plaintiffs' claims are prescribed.[54] Defendants attempt to meet this burden by arguing *Calhoun v. Ford*[55] is controlling.[56] *Calhoun* holds that prescription is interrupted if the action is filed in a court of improper venue only if the defendant is served within the prescriptive period, citing Louisiana Revised Statute 9:5801, now found in Louisiana Civil Code article 3462.[57] Defendants' argument fails. *Calhoun* was decided before § 1631 was enacted and, as a result, does not address how the explicit provision of § 1631, that the case "shall proceed as if it had been filed in the transferee court" on the date it was filed in the transferor court, affects prescription in this case.

Defendants also rely on *Anderson v. Phoenix of Hartford Insurance Co.*[58] Neither does that case support Defendants' position. It too was decided before § 1631 was enacted, and the court in *Anderson* did not deal with a transfer from one federal court to another federal court, but instead dealt with a case improperly brought in federal, rather than

---

that the court "shall, if it is in the interest of justice, transfer such action" to a court of competent jurisdiction, even if it has not been asked to do so by either party.").
[53] *Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir. 1989) (emphasis added) (quoting 28 U.S.C. § 1631).
[54] *Younger v. Marshall Indus., Inc.*, 618 So.2d 866 (La. 1993).
[55] 625 F.2d 576, 577 (5th Cir. 1980).
[56] R. Doc. 60-2, at 2.
[57] 625 F.2d at 577.
[58] 320 F. Supp. 399 (W.D. La. 1970).

11

state, court.⁵⁹ Finally, Defendants cite *Moore v. KMart Corp.* to support their argument, but that case does not apply because it dealt with an action that had been filed in a state-court of improper venue and then *removed* to a federal court with proper venue.⁶⁰ It did not involve a transfer under § 1631.⁶¹

Finally, "the instructions of Congress are supreme,"⁶² and § 1631 is a controlling and constitutionally enacted federal statute that governs the Court's determination of when and where Plaintiffs are considered to have filed suit in this case. In *Calhoun*, the Fifth Circuit confronted only whether Federal Rule of Civil Procedure 3 conflicted with Louisiana law regarding prescription. The court held, in accord with *Walker v. Armco Steel Corp.*,⁶³ that because "Rule 3 does not address itself to the question of when the prescriptive period is tolled[, t]he federal court must, then, under *Erie R. Co. v. Tompkins*, apply state law to make that determination."⁶⁴ Section 1631 is unlike Rule 3 because § 1631 *does* address when a transferred action is considered to be filed. Section 1631 requires the Court to indulge the legal fiction that Plaintiffs initially filed suit in this Court, not the Central District of California.

Under § 1631, a transferred case proceeds as if it had been filed in the transferee court from the outset. Accordingly, this case proceeds as if it had been filed in this Court, which has competent jurisdiction and proper venue, as of the date it was filed in the California District Court. Prescription was interrupted as of November 10, 2018, within

---

⁵⁹ *Id.* at 401.
⁶⁰ 884 F. Supp. 217, 219 (E.D. La. 1995).
⁶¹ *Id.*
⁶² *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).
⁶³ 446 U.S. 740 (1980).
⁶⁴ *Calhoun*, 625 F.2d at 577; *see also Moore*, 884 F. Supp. at 219 ("[I]n diversity actions, state law governs questions regarding the running of the statute of limitations, unless there is a direct conflict between the federal rules and the state rules." (citing *Calhoun*, 625 F.2d at 577 (citing *Walker*, 446 U.S. at 751 ))).

the one-year prescriptive period under Louisiana law.[65] Plaintiffs' claims are not prescribed, and Defendants are not entitled to judgment as a matter of law.[66]

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED.**

**New Orleans, Louisiana, this 28th day of October, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[65] LA. CIV. CODE art. 3462; LA. CIV. CODE art. 3492.
[66] This decision does not deprive a defendant of the right to notice that a suit has been filed within a reasonable period. Whether an action is filed in federal or state court, plaintiffs must comply with rules regarding the time limit for service of process. FED. R. CIV. P. 4; LA. CODE CIV. PROC. 1201.